**In re GIL WEST, INC., dba Patterson Motors, Debtor.**

**Bankruptcy No. 281–03643–D–11.**

United States Bankruptcy Court,
E. D. California.

May 10, 1982.

Linda S. Peterson, Hefner, Stark & Marois, Sacramento, Cal., for Robert Gillett.

Dennis M. Hauser, Sacramento, Cal., trustee in bankruptcy, in pro per.

Sy Dennis, Jr., Dennis, Schottky, Swanberg, Murray & Hackard, Sacramento, Cal., for Eleanor M. Burton and Jackelean D. Monroe, as trustees of testamentary trust established under the last will and testament of J. N. Burton, deceased.

## MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Bankruptcy Judge.

This matter is before the court upon the application of Dennis M. Hauser, the court-appointed Trustee in the above-entitled bankruptcy proceedings (Trustee), for an order authorizing the sale of the assets of the Debtor and an order authorizing assumption and sale of executory contracts. The application was filed on November 30, 1981. Paragraph 2 of the prayer in this application contains the language which is the subject matter of the present controversy. Paragraph 2 states:

"That said Order further provide that the assumption by the Trustee, with a corresponding release of any other person obligated thereon from any further obligation or liability, of each of the following executory contracts:

(a) The Burton Lease, Exhibit '2' hereto; ..."

On December 14, 1981, upon notice to the creditors of the Debtor, a hearing was held on the application of the Trustee. At that time, Eleanor Burton and Jackelean D. Monroe as Trustees of the Testamentary Trust Established under the Last Will and Testament of J. N. Burton, Deceased (the Burtons), objected to the release of Robert L. Gillett and Billie L. Gillett (the Gilletts) from their joint and several personal guarantees of performance under the Burton lease.

On that date, the court granted the relief requested by the Trustee, save and except for the release of the Gilletts from their personal guarantees. As to that matter, the court took the matter under advisement with briefs to be filed by the affected parties. On December 21, 1981, the court order granting the relief described above was filed.

## STATEMENT OF THE FACTS

On September 30, 1981, GIL WEST, INC., dba PATTERSON MOTORS (Debtor), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Initially, Robert L. Gillett was the sole shareholder and chief executive officer of the Debtor. On September 11, 1973, Robert Gillett, acting on behalf of the Debtor, entered into a lease agreement with the Burtons for a ten-year lease of the Debtor's business

premises. On that same date, the Gilletts individually executed a joint and several guarantee of performance of the Burton lease. The final sentence of the guarantee states, "This guarantee is made to induce Lessors to execute the above lease."

Mr. Gillett continued in his capacity as sole shareholder and chief executive officer of the Debtor until December 17, 1980, when he sold all of the issued and outstanding shares of the Debtor to Cliff Hoose. There was no release of the Gilletts from their personal guarantee of performance.

Upon the sale of stock, Cliff Hoose assumed the position of chief executive officer until the Debtor filed its petition for relief and remained the sole shareholder of the Debtor. During that time, Robert Gillett worked for the Debtor as an employee.

### Issue

WHETHER THE GILLETTS SHOULD BE RELEASED FROM ANY FURTHER LIABILITY OR RESPONSIBILITY WITH RESPECT TO THE BURTON LEASE WHICH HAS BEEN ASSUMED AND SOLD BY THE TRUSTEE

### Discussion

11 U.S.C. Section 363 provides the trustee in bankruptcy with the authority to sell or assign an asset of the Debtor with the approval of the Bankruptcy Court. Consequently, the Burtons do not contest the power of the Trustee to sell or assign the Burton lease to a new party, even though the provisions of the Burton lease agreement do not permit assignment. However, neither 11 U.S.C. Section 363 nor any other provision of the Bankruptcy Code authorizes the Trustee to exonerate or release a guarantor from his obligations under a guarantee of performance.

Therefore, the Trustee and the Gilletts necessarily rely on state law as authority for their contention that the Gilletts should be exonerated or released from their obligations under the personal guarantee of performance. Specifically, they rely on California Civil Code Section 2819 which provides for the exoneration of a surety (guarantor) when there has been a material alteration of the terms of the underlying obligation. The Trustee and the Gilletts assert that the change of lessees under the lease is just such a material alteration of the original lease contemplated by the language of Civil Code Section 2819, and therefore the Gilletts should be released from their obligations under the guarantee.

An application of the Civil Code Section 2819 of the facts of the present dispute must begin with a reading of the language of the statute itself. Civil Code Section 2819 provides:

> "A surety is exonerated, except so far as he may be indemnified by the principal, *if by any act of the creditor*, without the consent of the surety the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in any way impaired or suspended." [Emphasis added.]

This statute provides for the exoneration of a surety only if there has been some action by the creditor which has impaired or altered the obligations of the original contract. This interpretation is supported by the emphasized language. In the instant case the Burtons are the parties to whom the obligations are owed under the lease agreement and therefore they must be characterized as the creditor. The Debtor is characterized as the principal, for it is the party whose obligation is covered by the undertaking of the guarantor.

Applying the language of the statute to the facts of the instant case, it becomes apparent there has been no action by the Burtons (the creditor) which has affected the obligations under the Burton lease (the original obligation). In fact, the Burtons opposed the assignment or sale of the lease to the new party by the Trustee pursuant to the nonassignability clause in the lease agreement. However, because of the unique provisions of 11 U.S.C. Section 363, their opposition was ineffectual. Since Civil Code Section 2819 requires an act by the creditor for an exoneration of the surety or guarantor and since there has been no act by the creditor in the instant case, there can

952

be no exoneration of the guarantor pursuant to this statute. No other law, either state or federal, has been cited by the Trustee and the Gilletts as authority for exoneration of a guarantor and therefore this court concludes that the Gilletts remain fully responsible and liable under their personal joint and several guarantee of performance under the Burton lease.

The court observes that this conclusion is consistent with principles of equity and fair play, factors which this court should consider because it sits as a court of equity. The Gilletts are in no worse position under the assignment of the lease than they were when the Debtor was the lessee. In fact, the Gilletts are in a better position under the assignment because they now have a viable entity to make payments under the lease rather than the Debtor, an insolvent corporation. Furthermore, the original guarantee of performance signed by the Gilletts stated that the guarantee was made to induce the lessors to make the lease. Since the Burtons have performed their obligations under the lease agreement and they have performed no act which has changed the original legal obligation, they are entitled to the legal consideration (the guarantee) for which they bargained.

### CONCLUSION

For the above-stated reasons, that portion of the application of the Trustee with respect to the release of the Gilletts from their obligations under the guarantee of performance is denied.

This Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law.